JOHN F. HARNED

*v.*

BENJAMIN E. ROWAND et al.

[Submitted February 17th, 1908. Decided February 18th, 1908.]

Where two lien claimants have the right to presently enforce their liens on perishable property, and the owner of the property does not deny the existence of the liens, and the only question is as to their priority, a court of equity has jurisdiction of a bill filed by one lienor, asking for an injunction and appointment of a · receiver, the averments of the bill being denied by the other lienor, and will appoint a receiver to turn the property into cash, to be held by the court until the rights of the parties can be determined, as the case is an exception to the rule that equity will not give preliminary relief where the averments of the bill are denied.

On bill for injunction and receiver of mortgaged personal property.

*Mr. John F. Harned,* for the complainant *pro se.*

*Messrs. Scovel & Boyle,* for the defendant Isabel N. Braddock.

LEAMING, V. C.

Complainant and defendant Braddock each hold liens on the perishable personal property set forth in the bill. The validity of complainant's lien is not disputed. The lien of defendant Brad-

dock, as chattel mortgagee, is superior to the lien of complainant if it is a valid lien for the full amount for which it is claimed. Complainant concedes that defendant Rowand, as owner of the chattels, had the right to make defendant Braddock a preferred creditor by executing to him the chattel mortgage in question, provided the right was honestly exercised; but complainant avers that the mortgage is fraudulent as to him and that the amount which the mortgage on its face professes to secure is not owing to the mortgagee, and also that the mortgagee's conduct has been such as to equitably deny to him the right to now claim the mortgage as a lien paramount to the lien of complainant. Defendant Rowand, owner of the chattels, makes no defence. Defendant Braddock, as mortgagee, denies the fraud and avers that the full amount of his mortgage is due. The condition of the mortgage has been broken by the removal of the chattels to another county by the mortgagor, so that the mortgages may be treated as due.

While the denial of the averments of a bill will ordinarily operate to prevent preliminary relief, yet in the present case the whole controversy is one touching the priority of liens, the existence of which are not disputed by the owner of the chattels. As against the owner both lien claimants appear to be entitled to presently enforce their liens. For complainant to enforce his lien by sale the sale must be made either in defiance of the mortgage or subject to it. If sold subject to the mortgage, the sale would necessarily be in bulk, and to that extent to a disadvantage, and the purchaser would stand where the complainant now stands with the same right that complainant now has to contest the validity of the mortgage. If sold in defiance of the mortgage, no purchaser could know whether he was purchasing a clear title; and it is also manifest that such a sale would be at once enjoined by this court should the mortgagee apply for that purpose. The case is therefore one of that class where equity may appropriately intervene to convert the perishable property into cash in order that the fund may remain in tact for distribution according to the respective rights of the parties as they shall be ascertained. The propriety of preliminary relief of this nature in cases of this class is discussed and sustained in *Long Dock Co.* v. *Mallery, 12 N. J. Eq.*

(*1 Beas.*) *93*, and in same case on review, *Ib. 431*. The interests of all parties seem to be reasonably conserved by this course.

I will advise an order appointing a receiver to make sale of the property on which complainant has a lien, free from encumbrances, with direction to the receiver to pay the proceeds of the sale into court to await the final determination of the rights of the respective parties.